ANSTEAD, Judge,
dissenting:
The only issue is whether the beneficiaries of a trust are necessary parties to an action against a trustee based on the claim that the trustee wrongfully failed to distribute the trust assets to another beneficiary under whom the appellee now claims. I believe the beneficiaries of the trust involved herein are necessary parties to this action against the trustee. There are three “real parties in interest,” the appellee, Frances Rickey Carter; the appellant, Bro-ward National Bank of Fort Lauderdale; and the beneficiaries of the trust. The trustee’s representation of the beneficiaries in this case may indeed be in conflict with the role of the trustee as a stakeholder for contending beneficiaries since the appellee’s main contention is that the trustee failed to distribute the trust assets to the “beneficiary” under wham she now claims, i. e., the deceased, Barney L. Carter. The author’s comment on Fla.R.Civ.P. 1.210(c) at 30 Fla. Stat.Ann. 307 (1974), Fla.R.Civ.P. 1.210 is applicable here:
Under the early cases, both beneficiaries and trustees were evidently necessary parties. This would still seem to be the situation if Rule 1.210(c) should for any reason (such as lack of title in the trustee) be inapplicable.
The conflict situation present here is certainly a good reason for requiring the join-der of the beneficiaries in an action that will finally determine their rights in the trust.